UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JUKEN WASHINGTON GORDON,

    Movant

v.                                      CIVIL ACTION NO. 2:05-0220
                                               (Criminal No. 2:97-00063-01)

UNITED STATES OF AMERICA,

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending are the movant's motions (1) pursuant to Rule 52(b), filed March 14, 2005, and (2) to amend post-conviction Rule 52(b) motion, filed January 17, 2006.[1]

Movant seeks the vacatur or set aside of his conviction at trial and his resulting sentence. Movant was convicted of aiding and abetting (1) the distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (2) the promotion, carrying on, and facilitation of an unlawful activity, in violation of 18 U.S.C. § 1952(a)(3). Defendant was sentenced to

---

[1] The motion to amend seeks to add Rule 60(b) to the pending Rule 52(b) motion as an additional ground for relief. The motion to amend is futile because it suffers from the same infirmity found in movant's Rule 52(b) motion. He is attempting to use a civil rule to file a successive post-conviction motion without first obtaining leave from our court of appeals as required by 28 U.S.C. 2244(b)(3). The court, accordingly, ORDERS that the motion to amend be, and it hereby is, denied.

151 months. The movant's direct appeal was unsuccessful. <u>United States v. Gordon</u>, No. 97-4837 (4th Cir. Sept. 23, 1998).

The court received the proposed findings and recommendation of the magistrate judge filed on January 4, 2006, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). On January 17, 2006, movant objected.

The magistrate judge correctly notes that movant is attempting to launch a direct attack on his conviction and sentence without having previously obtained authorization from our court of appeals pursuant to 28 U.S.C. § 2244(b)(3). For this reason alone, movant's challenge is jurisdictionally barred.

Based upon the foregoing, and the proposed findings and recommendation of the magistrate judge, which are hereby adopted and incorporated herein, the court concludes that it lacks jurisdiction to resolve the movant's Rule 52(b) challenge to his conviction and sentence.

II.

It is, accordingly, ORDERED that the movant's motion pursuant to Rule 52(b) be, and it hereby is, denied. It is

2

further ORDERED that this action be, and it hereby is, dismissed and stricken from the docket.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), movant shall have sixty days after the date of entry of this decree in which to appeal. The failure within that period to file with the Clerk of this court a notice of appeal of this Judgment will render the memorandum opinion and order and this Judgment final and unappealable.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the magistrate judge.

ENTER: June 26, 2006

John T. Copenhaver, Jr.
United States District Judge

3